## WEAVER v. BULLIS.

*(Supreme Court, General Term, Second Department.  May 11, 1891.)*

1. APPEAL—WEIGHT OF EVIDENCE.
     Plaintiff, a boy about nine years of age, was injured by coming in contact with defendant's mowing-machine. In an action therefor, he testified that he received his injuries while handing a whip to defendant, at the latter's request, while defendant was seated on the machine, and it was in motion. Defendant testified that he had stopped the team, and was some distance behind the machine, when he heard the boy make a noise, and then saw that he had been injured. There was other testimony on each side, from which inferences might be drawn favorable to each party. *Held*, that a finding for plaintiff, on trial before a judge without a jury, would be sustained on appeal.

2. CONTRIBUTORY NEGLIGENCE—CHILDREN.
     The degree of care required of a child, the omission of which will constitute contributory negligence on his part, is only that which could reasonably be expected from a child of his age.

Appeal from circuit court, Dutchess county.

Action by David D. Weaver, an infant, by his guardian *ad litem*, against John N. Bullis. Defendant appeals from a judgment for plaintiff entered on trial by the court without a jury.

Argued before DYKMAN and PRATT, JJ.

*Daniel W. Guernsey,* for appellant. *Hackett & Williams,* for respondent.

DYKMAN. This is an action for the recovery of damages for injuries sustained by the plaintiff, a boy about nine years of age, by coming in contact with a mowing-machine belonging to the defendant, and which he was using at the time of the accident. The boy and the defendant were the only persons who witnessed the occurrence, and they differ so radically in their statements that their testimony is entirely irreconcilable. The boy says the defendant requested him to bring him a whip, and that he did so, and that when he handed him the whip he was seated upon the machine, which was in motion, and the knives cut off one of his feet, and injured the other. The defendant says, on the contrary, he had stopped his team, dismounted from the machine, and was some distance behind it, when he heard the boy make a noise, and looked up and saw him down with his foot severed from his leg. Then there was testimony respecting the admissions of the boy that the defendant was not upon the machine, which was disputed by the boy, and there was considerable testimony introduced on both sides from which inferences might be drawn in favor of the theories of each party. The trial was before a judge without a jury, and he has found that the defendant so carelessly managed a mowing-machine that by his neglect and carelessness the plaintiff's leg was cut off below the knee; that the boy was as careful as could be expected of a boy of 10 years of age, and that he did not by lack of prudence occasion the accident, in whole or in part. As a conclusion of law, the finding was that the plaintiff was entitled to recover a judgment against the defendant for the sum of $1,500. From the judgment entered upon that decision, and the order denying a motion for a new trial, the defendant has appealed to this court. If the facts found by the judge are justified by the testimony, then his conclusion of law is sustained, and the judgment must be sustained. Injury cannot be carelessly inflicted, even upon a trespasser, and under any circumstances the defendant was under obligation to observe care and prudence towards the child, and the finding of his failure to do so has some support in the testimony, and is not against the weight of the evidence. The finding of the judge stands in the place of a verdict of a jury, and must receive the same consideration, and we would not feel justified in setting aside a verdict where the testimony is so contradictory as we find it in this case. The rule respecting the degree of care required of a child of tender years, as laid down in *Honegsberger* v. *Railroad Co.,* *40 N. Y. 574, and insisted

upon by the appellant, has been repudiated by the court of appeals in the case of *Thurber* v. *Railroad Co.*, 60 N. Y. 326. We discover no ground upon which an appellate tribunal can interfere for the relief of the defendant, and the judgment and order should be affirmed, with costs.